[No. F042491. Fifth Dist. Mar. 15, 2004.]

ROBIN SCHEUERMAN, Plaintiff and Appellant, v.
KENNETH J. HAUK, Defendant and Respondent.

**COUNSEL**

Law Offices of Nieves Rubio and Nieves Rubio for Plaintiff and Appellant.

Andrew R. Haut for Defendant and Respondent.

**OPINION**

**LEVY, J.**—The question presented by this appeal is whether, under the Uniform Interstate Family Support Act (UIFSA) (Fam. Code,[1] § 4900 et seq.), a California court can register an out-of-state child support order after the issuing state has judicially determined that the subject order is no longer enforceable. The UIFSA provides that in a proceeding to register another state's support order

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

for the purpose of collecting arrearages, the longer statute of limitations applies. In this case the foreign limitations period had expired but California's had not. Nevertheless, the trial court denied registration of the out-of-state order. The court concluded that California could not revive a judgment that had already been determined to be void and unenforceable by the state that issued it.

Appellant, Robin Scheurman, contends the trial court erred. According to appellant, the judgment became unenforceable in the issuing state due to the gross negligence of the child support enforcement agencies that were charged with assisting her. Consequently, appellant argues, the court should exercise its equitable powers to apply the California statute and register the support order.

■ As discussed below, the trial court correctly analyzed this situation. Enforcement of a child support order under the UIFSA presupposes the existence of a current out-of-state order. One state cannot validate another state's invalid judgment. Thus, the trial court's order denying registration and enforcement of the foreign child support order will be affirmed.

## BACKGROUND

Appellant and respondent, Kenneth Hauk, had two children, Heather, born in 1975, and Jessica, born in 1977. Although the parties lived in California for approximately two years, they were married and divorced in Arizona. The 1980 judgment dissolving the marriage awarded custody of the children to appellant and ordered respondent to pay appellant $200 per month for child support. Immediately after the divorce, appellant and the children moved to California.

In October 1994, appellant sought assistance from the Kern County District Attorney Family Support Division (KCDAFSD) to collect the child support due under the 1980 Arizona judgment. According to appellant, respondent had made no payments.

In March 1995, with the help of KCDAFSD, appellant filed a Uniform Reciprocal Enforcement of Support Act (URESA) petition in Yavapai County, Arizona, requesting the Yavapai County Child Support Enforcement Agency (YCCSEA) to collect the child support arrears from respondent. However, despite appellant's repeated requests, YCCSEA never took any action.

Under Arizona law, the right to collect and enforce child support arrears expires three years after the emancipation of the youngest child. Thus, here, appellant was required to file an action in Arizona to enforce the support order by May 6, 1998. Since appellant did not do so, the Arizona agency closed the file.

In March 2001, appellant registered the 1980 Arizona support order in the Kern County Superior Court. Thereafter respondent requested a hearing regarding this registration. Respondent objected on the grounds that some or all of the arrears were not enforceable and that Arizona, where respondent resides, had jurisdiction to hear and determine this matter.

Before the hearing on respondent's objections was held in California, respondent filed an action in Arizona to determine and establish judgment for support due. Through Arizona counsel, appellant appeared in this action. As interpreted by the trial court, the Arizona court found, "in essence," that the accumulated arrears had become unenforceable under Arizona law and that any judgment for arrears would be set at "zero." However, the court declined to formally enter a zero judgment. Appellant's Arizona counsel offered to file a lawsuit against YCCSEA for gross negligence but appellant declined due to her lack of funds.

Thereafter, the Kern County Superior Court heard and ruled on respondent's objections to the registration of the Arizona support order. The court noted that under section 4953, the issuing state determines the "amount" of "obligations of support and the payment of arrearages under the order" and that Arizona had determined this amount to be zero. The court further stated:

"[A]lthough the laws of California apply to the statute of limitations (as the longer statu[t]es of limitations) this cannot revive a dead judgment expired prior to the taking of any action in California to Register the Order. Here we have a time period of over two and one half years after the expiration of the right to collect in the issuing state before California's jurisdiction is invoked.

"Were the Court to allow the revival of an expired and unenforceable judgment under this circumstance, what would prevent a party from attempting the same thing 10 or 20 or more years after the expiration of any out of state order[?] What would prevent parties who have failed to collect support arrears in their states, and have suffered the expiration of their right to collect in those states, from relocating to California in order to revive those unenforceable judgments, forum shopping of the most obvious sort[?] This cannot be the intent or result of the law."

Accordingly, the court held that the Arizona support order would not be registered or enforced in California.

## DISCUSSION

The UIFSA provides a comprehensive and efficient scheme for the enforcement of foreign support orders. Enacted in 1997, it replaces the URESA.

■ Under the UIFSA, a support order issued by a tribunal of another state may be registered in California for enforcement. (§ 4950.) A registered foreign support order is enforceable in the same manner and is subject to the same procedures as a California order. (§ 4952, subd. (b).) However, although the California court must recognize and enforce a registered order, it may not modify the order if the issuing tribunal had jurisdiction. (§ 4952, subd. (c).)

■ At issue here is the choice of law provision. Section 4953, subdivision (a), provides that "The law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order." However, under subdivision (b), the statute of limitations of California or of the issuing state, whichever is longer, applies in a proceeding for arrearages.

As summarized by the Uniform Interstate Family Support Act Comment (2001) to section 4953, "the local tribunal applies its own familiar procedures to enforce a support order but it is clearly enforcing an order of another State and not an order of the forum." (29D West's Ann. Fam. Code (2004 supp.) foll. § 4953, p. 351.) With respect to the statute of limitations exception, this comment explains that the obligor should not gain an undue benefit from his or her choice of residence if the forum state has a shorter statute of limitations for arrearages than the issuing state. Alternatively, if the forum state has a longer statute of limitations, the obligor will be treated in the same manner as all other obligors in that state. Thus, this exception assumes that the obligor is residing in the forum state.[2]

As noted above, the Arizona statute of limitations for recovery of the arrearages at issue expired on May 6, 1998, two years and 10 months before appellant registered the Arizona order in Kern County. However, in California, under the statute of limitations for child support arrearages, a judgment "is enforceable until paid in full." (§ 4502.) Appellant contends it is the California statute of limitations that should apply and therefore the child support order is enforceable in California.

Appellant relies on *Trend v. Bell* (1997) 57 Cal.App.4th 1092 [68 Cal.Rptr.2d 54] to support her position. There, a Montana child support order was registered in California after the Montana statute of limitations for collection had expired. Nevertheless, despite this similarity, *Trend* offers no precedential value to appellant. In *Trend*, the issue on appeal was which California statute of limitations applied, section 4502 or its predecessor,

---

[2] While registration of a foreign support order in a state other than where the obligor resides is permissible (*Gingold v. Gingold* (1984) 161 Cal.App.3d 1177 [208 Cal.Rptr. 123]), it is unclear what benefit would accrue to appellant if registration in California were to be allowed. Unless respondent has assets subject to execution located in California, California would be unable to enforce the order in any event.

section 4384.5. Further, a Montana court had not ruled on the enforceability of the order. Moreover, both parties were California residents when the order was registered.

In contrast here, an Arizona court determined that any arrearages under its 1980 child support order had become unenforceable and thus Arizona would set any judgment at zero. Therefore, if California were to register and enforce the 1980 child support order to collect any more than "zero," it would be denying full faith and credit to the later Arizona ruling. "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." (*Baker v. General Motors Corp.* (1998) 522 U.S. 222, 233 [139 L.Ed.2d 580, 118 S.Ct. 657].)

Accordingly, California cannot simply disregard the Arizona court's ruling under the auspices of section 4953, subdivision (b). Moreover, under section 4953, subdivision (a), it is the law of Arizona, as the issuing state, that governs the payment of arrearages under the order. An Arizona court has declared that under Arizona law those arrearages are zero.

Additionally, as noted by the trial court, reviving expired and unenforceable judgments in this manner could lead to untenable results that are inconsistent with the intent of the law. For example, parties could attempt to enforce out-of-state judgments that had been expired for many years. Further, parties who had failed to collect support in their own states could relocate to California in order to revive those unenforceable judgments.

Appellant urges this court to hold that respondent is estopped from asserting a statute of limitations defense because YCCSEA and KCDAFSD failed to timely take the necessary steps to enforce the child support award. Appellant relies on *Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal.4th 1142 [113 Cal.Rptr.2d 70, 33 P.3d 487] to support this argument.

In *Vu*, the court held that an insurance company could be estopped from asserting a statute of limitations defense to a property damage claim when the plaintiff refrained from bringing a timely action based on the insurance company's representation that the total property damage was less than the policy's deductible. (*Vu v. Prudential Property & Casualty Ins. Co.*, *supra*, 26 Cal.4th at p. 1152.) The court noted that " ' "[w]here the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense." ' " (*Id.* at p. 1153.) Here, however, there is no evidence that *respondent* engaged in any conduct that would give rise to an estoppel. Rather, if appellant is entitled to any recourse, it is against the child support enforcement agencies, not respondent.

■ In sum, by the time appellant registered the Arizona support order with the Kern County Superior Court, that order had already been determined to be unenforceable by an Arizona court. Since California is required to give full faith and credit to this Arizona ruling, the trial court properly refused to register the 1980 Arizona support order.

## DISPOSITION

The order finding that the out-of-state support order shall not be registered or enforced in California is affirmed. The parties shall bear their own costs on appeal.

Dibiaso, Acting P. J., and Vartabedian, J., concurred.