Filed 11/28/17

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DANIELA CIMA-SORCI, | C075774 |
| Real Party in Interest, | (Super. Ct. No. 13FS05640) |
| v. | ORDER MODIFYING OPINION |
| TYSON S. SORCI, | NO CHANGE IN JUDGMENT |
| Defendant and Appellant; | |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |


THE COURT:

It is ordered that the opinion filed herein on October 30, 2017, and certified for publication on November 27, 2017, be modified as follows:


On page 7, the last paragraph beginning with "The trial court's determination that Father bore the burden" is modified to read:


1

The trial court's determination that Father bore the burden of proving that Italy is not a "state" under UIFSA is a question of law subject to de novo review.

On page 8, the citation to section 4951, subdivision (s)(2) following the second full paragraph is modified to cite to section 4901, subdivision (s)(2). As modified this citation reads:

(§ 4901, subd. (s)(2); § 4956, subd. (a).)

On page 10 the sentence beginning with "To the contrary," is modified to read:

To the contrary, should a nonregistering party object to registration on the ground the order in question is not from a state recognized by UIFSA, it is incumbent upon that party to prove that is the case.

On page 15, on the 8th and 10th lines the word "carded" is modified to read "carried." As modified this quotation reads:

"1. A judgement rendered by a foreign authority shall be recognized in Italy without requiring any further proceedings if: [¶] a) the authority rendering the judgement had jurisdiction pursuant to the criteria of jurisdiction in force under Italian law; [¶] b) the defendant was properly served with the document instituting the proceedings pursuant to the law in force in the place where the proceedings were carried out, and the fundamental rights of the defence were complied with; [¶] c) the parties proceeded to the merits pursuant to the law in force in the place where the proceedings were carried out, or default of appearance was pronounced in pursuance of that law; [¶] d) the judgement became final according to the law in force in the place where it was pronounced; [¶] e) the judgement

2

does not conflict with any other final judgement pronounced by an Italian court/authority;  [¶] f)  no proceedings are pending before an Italian court between the same parties and on the same object, which was initiated before the foreign proceedings;  [¶]  g) the provisions of the judgement do not conflict with the requirements of public policy (*ordre public*)."

There is no change in the judgment.

BY THE COURT:


  /s/
Raye, P. J.


  /s/
Blease, J.


  /s/
Duarte, J.

Filed 10/30/17; Certified for Publication 11/27/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DANIELA CIMA-SORCI, | C075774 |
| Real Party in Interest, | (Super. Ct. No. 13FS05640) |
| v. | |
| TYSON S. SORCI, | |
| Defendant and Appellant; | |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

Tyson S. Sorci (Father) appeals from an order confirming the registration of an Italian child and spousal support order pursuant to the Uniform Interstate Family Support

Act (UIFSA) (former Fam. Code, § 4900 et seq.).[1]  Under UIFSA, a support order of a foreign country may be registered for enforcement in California if the foreign country "has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under [UIFSA]."  (§ 4901, subd. (s)(2); § 4951, subd. (a).)

On appeal, Father contends that the trial court (1) "misallocated to Father the burden of proving that Italy is not a state under UIFSA," (2) "improperly deprived Father of an evidentiary hearing to refute the notion that Italy is such a state," (3) "erroneously refused to render a statement of decision," and (4) "erred as a matter of law in concluding that Italy is a state under UIFSA."  We shall conclude that Father's contentions lack merit and will affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

Father, a United States citizen, and Daniela Cima-Sorci (Mother), an Italian citizen, met in Italy while Father was serving in the United States Air Force.  They married in Italy in September 2007, and their son was born in Italy in December 2007.  After Father's deployment in Italy concluded, he returned to California to attend the California Highway Patrol Academy, while Mother and the couple's son remained in Italy.  In July 2009, Mother and the couple's son moved to California to live with Father.

---

[1]  On January 1, 2016, while this case was pending on appeal, Senate Bill No. 646 (2015-2016 Reg. Sess.), which adopted the 2008 amendments to the UIFSA, took effect. (Stats. 2015, ch. 493, § 5, eff. Jan. 1, 2016; see *County of Los Angeles Child Support Services Dept. v. Superior Court* (2015) 243 Cal.App.4th 230, 237, fn. 1 (*County of Los Angeles Child Support Services Dept.*).)  The UIFSA is now codified at Family Code section 5700.101 et seq.  At all relevant times herein, California operated under the 1996 version of UIFSA, not the 2001 version, which the Legislature only conditionally adopted.  (See *Knabe v. Brister* (2007) 154 Cal.App.4th 1316, 1319, fn. 2; *In re Marriage of Haugh* (2014) 225 Cal.App.4th 963, 968, fn. 2.)  Further unspecified statutory references are to former sections of the Family Code.

In early November 2009, Mother moved back to Italy with the couple's son and promptly filed a petition for dissolution there.

In February 2010, an Italian court issued temporary orders authorizing "the spouses to live separately," awarding custody of the couple's son to Mother, and ordering Father to pay €1,000 in monthly child support and €500 in monthly spousal support. The spousal support was later reduced to €400 per month.[2]

In May 2013, the Italian court granted the decree of separation, but denied Mother's request to assign responsibility for the breakdown in the marriage to Father. The court awarded full custody of the couple's son to Mother due to the high level of "conflict between the spouses," and granted Father summer and Christmas visitation and regular phone contact. Based on Father's net monthly income of €3,900, Mother's net monthly income of €1,300, and the fact that responsibility for the couple's son fell entirely on Mother, the court confirmed its prior order directing Father to pay €1,000 in monthly child support and €400 in monthly spousal support.

Meanwhile, in June 2010, at Mother's request, the Sacramento County Department of Child Support Services (Department) began enforcing the temporary support order administratively. Sometime thereafter, Father objected to the administrative enforcement of the order, and on October 3, 2013, the Department filed a "Notice of Registration of Out-of-State Support Order" in the Sacramento County

---

[2]     The court also rejected Father's claim that he was not properly served with Mother's petition for dissolution at his former mother-in-law's address in Italy. It found that service was proper under Italian law because he was served at the address listed for him in the registry office for the municipality where he last lived in Italy, and it was Father's failure to update his address when he returned to California in 2008 that led to his not receiving the petition. The court further found that if Mother had attempted to serve Father at his California address and failed, "she would have encountered serious difficulties and delays in protecting her own rights." The court also determined that Father had not suffered any prejudice because the initial orders were temporary and revocable, and Father "promptly" challenged them on their merits.

Superior Court. A copy of the Italian support order was attached to the notice in the original Italian with an English translation. The notice advised Father that an out-of-state support order had been registered with the court, and if he wanted "to contest the validity or enforcement of the registered order, [he] must request a hearing within 25 days of the date this notice was mailed . . . ."

Father filed a timely "Request for Hearing Regarding Registration of Support Order" and "request[ed] that service of the registration of support be vacated (canceled) because" Italy is not a "state" as defined by UIFSA, and thus, the Department lacked authority to enforce the order. In his accompanying points and authorities, Father asserted that the Italian support order was not enforceable in California unless the Department could show that Italy had enacted a law or established procedures for issuance and enforcement of foreign support orders which are substantially similar to the procedures under UIFSA. In a supplemental brief, Father outlined what he described as "the vast differences between Italian support laws and the support laws in the State of California." He argued that Italy, unlike California, "has no . . . laws detailing formulas and guidelines the courts are to follow in setting child support and spousal support," there is no presumption in Italy that "permanent spousal support in a marriage lasting less than ten (10) years will only be payable for one-half (1/2) the length of the marriage," and there is no set age for child support to terminate.

In its points and authorities in opposition, the Department argued that Father, as the party contesting registration, had the burden of proving one of the seven defenses to registration set forth in section 4956, subdivision (a), and that he had failed to meet his burden. The Department also disputed Father's assertion that Italy was not a "state" under the UIFSA. The Department pointed to Italy's accession to the International Recovery of Child Support and Other Forms of Family Maintenance at the Hague Conference and enactment of the Italian Private International Law Act as evidence Italy had laws or procedures similar to UIFSA for issuance and enforcement of support orders.

4

It also argued that Father's "arguments regarding substantive differences in support laws are inapposite" because "[t]he test to recognize a foreign jurisdiction as a 'State' under UIFSA does not require a finding that the particular foreign jurisdiction's family support laws are substantially similar to California's family support laws." According to the Department, the relevant test is whether the " 'foreign jurisdiction that has enacted a law or established procedures for the issuance and enforcement of support orders which are substantively similar to the procedures under [UIFSA].' " (Quoting § 4901, subd. (s)(2).)

Following a hearing, the trial court determined that Father had not met his burden in objecting to enforcement and confirmed the registration of the Italian support order. The court denied Father's subsequent request for a statement of decision, finding that a statement of decision is not required for a ruling on a motion.

DISCUSSION

Father contends the trial court "erred in four separate ways," each of which was prejudicial. Father asserts that the trial court (1) "misallocated to Father the burden of proving that Italy is not a state under UIFSA," (2) "improperly deprived Father of an evidentiary hearing to refute the notion that Italy is such a state," (3) "erroneously refused to render a statement of decision," and (4) "erred as a matter of law in concluding that Italy is a state under UIFSA." Before we reach the merits of Father's contentions, we pause to set forth the purpose and relevant provisions of UIFSA.

As adopted in California, UIFSA " 'governs . . . the procedures for establishing, enforcing and modifying child support orders in cases in which more than one state is involved.' " (*County of Los Angeles Child Support Services Dept., supra,* 243 Cal.App.4th at p. 237.) UIFSA defines "state" to include "a foreign jurisdiction that has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under [UIFSA]." (§ 4901, subd. (s)(2).)

Under UIFSA, a support enforcement agency may enforce a support order "issued by a tribunal of another state," (§ 4946, subd. (a)) without first registering the order, upon

5

receipt of two copies of the order, including a certified copy, a sworn or certified statement "showing the amount of any arrearage," and the name or other identifying information regarding the obligor and obligee of the order.  (§ 4951, subd. (a).)  "If the obligor contests the validity or administrative enforcement of the order, the support enforcement agency shall register the order pursuant to [UIFSA]."  (§ 4946, subd. (b).)

Under UIFSA, "a 'support order' of another state may be registered in this state 'for enforcement' (§ 4950) by sending a 'letter of transmittal to the tribunal requesting registration and enforcement,' two copies of the order to be registered, '[a] sworn statement by the person requesting registration . . . showing the amount of any arrearage,' and the name and other identifying information regarding the obligor and obligee of the order.  (§ 4951, subd. (a).)"  (*de Leon v. Jenkins* (2006) 143 Cal.App.4th 118, 124 (*de Leon*).)  When a trial court receives a request for registration, it must cause the out-of-state order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form.  (§ 4951, subd. (b).)  The order is registered when it is filed in the registering tribunal (§ 4952, subd. (a)) and "is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state."  (§ 4952, subd. (b).)  "Except as otherwise provided in this article, a tribunal of this state shall recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction."  (§ 4952, subd. (c).)

"A nonregistering party seeking to contest the validity or enforcement of a registered order . . . shall request a hearing within 20 days after notice of the registration. The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages pursuant to Section 4956."  (§ 4955, subd. (a).)  "If the nonregistering party fails to contest the validity or enforcement of the registered order, the order is confirmed by operation of law."  (§ 4955, subd. (b).)

6

Section 4956 provides in pertinent part:  "A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:  [¶]  (1) The issuing tribunal lacked personal jurisdiction over the contesting party.  [¶]  (2) The order was obtained by fraud.  [¶]  (3) The order has been vacated, suspended, or modified by a later order.  [¶]  (4) The issuing tribunal has stayed the order pending appeal.  [¶]  (5) There is a defense under the law of this state to the remedy sought.  [¶]  (6) Full or partial payment has been made.  [¶] (7) The statute of limitation under Section 4953 precludes enforcement of some or all of the arrearages."  (§ 4956, subd. (a).)  "If the contesting party does not establish a defense under subdivision (a) to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order."  (§ 4956, subd. (c).)

"Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration."  (§ 4957.)

Having reviewed the procedures for enforcement of an out-of-state support order in California, we turn to Father's contentions concerning the trial court's order confirming registration of the Italian support order.

## I
### Father Had the Burden to Prove That Italy Is Not a "State" Under UIFSA

Father first contends that the trial court "misallocated to Father the burden of proving that Italy is not a state under UIFSA."  More specifically, Father claims that the burden of proof belonged to the Department as the "moving party" seeking to register the order.  We disagree.

The trial court's determination that Father bore the burden of proving that Italy is a "state" under UIFSA is a question of law subject to de novo review.  (See *Conservatorship of John L.* (2010) 48 Cal.4th 131, 142.)

7

Section 4956, subdivision (a) plainly states that "[a] party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more" of the seven defenses to registration set forth therein. By requesting a hearing regarding registration of the Italian support order, Father sought to contest the enforcement of that order and vacate its registration. Father does not contend otherwise. Rather, he asserts that section 4956 does not apply because "[t]he non-state status of a foreign country" is not among the seven defenses listed in section 4956. We disagree.

Father objected to the registration of the Italian support order on the ground the Department failed to show that Italy " 'has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under [UIFSA].' " (Quoting § 4901, subd. (s)(2).) Among the defenses listed in section 4956 is the following: "There is a defense under the law of this state to the remedy sought." (§ 4956, subd. (a)(5).) We find that this defense can fairly be read to encompass Father's objection insofar as the remedy sought was registration and enforcement of the Italian support order, and Father's defense to that remedy was that Italy is not a state.[3] As the party contesting enforcement of the order and seeking to vacate its registration, the burden was on Father to prove that Italy had not "enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under [UIFSA]." (§ 4951, subd. (s)(2); § 4956, subd. (a).)

---

[3]    Father appears to agree. In his reply brief, he acknowledges that "[r]aising a challenge as to whether a foreign country meets the UIFSA's definition of a reciprocating state is . . . contesting the remedies sought by [the Department] (i.e., registration and enforcement of the support order)."

8

*Haker-Volkening v. Haker* (N.C.Ct.App. 2001) 547 S.E.2d 127 (*Haker*), cited by Father, does not hold otherwise. In that case the mother sought to have a Swiss support order registered and enforced in North Carolina pursuant to UIFSA. (*Haker* at p. 129.) The father filed a motion challenging the validity and enforcement of the registration. (*Ibid.*) The trial court held the Swiss order "registered and enforced under UIFSA," and the father appealed, claiming the matter did not fall within the purview of UIFSA because Switzerland was not a " 'state' " under UIFSA. (*Haker,* at pp. 129-130.) In reversing the trial court's order, the Court of Appeals of North Carolina found that "although the Swiss order itself is arguably some evidence that legal *procedures* have been established in Switzerland for the issuance and enforcement of support orders, there is no evidence in the record documenting that such procedures are 'substantially similar to the procedures under [UIFSA].' " (*Id.* at p. 131.) While the court appears to have assumed that the burden of producing such evidence was on the party seeking registration, that issue was neither raised nor addressed in the decision. (*Id.* at pp. 130-131.) Thus, contrary to Father's assertion, the opinion is not authority for the proposition that the burden of proof is on the party seeking registration to submit evidence that a foreign country is a state under UIFSA. (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 ["[A]n opinion is not authority for a proposition not therein considered."].)

We also reject Father's contention that section 4951, subdivision (a), which requires the party seeking registration to provide certain documents and information to the trial court, "[i]mpli[es]" a burden on the party seeking registration "to show that the order in question is one from a state recognized by UIFSA." Subdivision (b) of that section provides: "On receipt of a request for registration, the registering tribunal *shall cause the order to be filed as a foreign judgment.*" (§ 4951, subd. (b), italics added.) Moreover, pursuant to section 4952, "A support order . . . issued in another state *is registered when the order is filed* in the registering tribunal of this state" and "is enforceable in the same manner and is subject to the same procedures as an order issued

9

by a tribunal in this state." (§ 4952, subds. (a) & (b), italics added.) A nonregistering party may seek to vacate the registration or contest the remedies being sought pursuant to section 4956 (§ 4955, subd. (a)), but if he or she fails to do so in a timely manner, "the order is confirmed by operation of law." (§ 4955, subd. (b).) Thus, contrary to Father's assertion, neither section 4951 nor any other provision of UIFSA dealing with registration, imposes a burden on the party seeking registration to prove at the filing stage that the order in question "is one from a state recognized by UIFSA." To the contrary, should a nonregistering party object to registration on the ground the order is question is not from a state recognized by UIFSA, it is incumbent upon that party to prove that is the case. (§ 4956, subd. (a); *de Leon, supra,* 143 Cal.App.4th at p. 126.)

Finally, contrary to Father's assertion, *de Leon, supra,* 143 Cal.App.4th 118, does not stand for the proposition that objections to registration can be made on grounds other than the defenses set forth in section 4956. In that case, the San Diego County Department of Child Support Services registered a New Mexico support order directing the father to pay child support to the mother in San Diego County Superior Court. (*de Leon,* at p. 122.) An accompanying " Registration Statement' " listed zero dollars of arrears. (*Ibid.*) Neither the mother nor the father challenged the registration of the order or the accompanying statement, and the registration and statement were confirmed by operation of law. (*Ibid.*) Thereafter, the trial court adjudicated the amount of arrears owed under the order, including those incurred prior to registration, and determined that the father owed over $3,000 in child support to the mother. (*Ibid.*) The father appealed, claiming that sections 4954, 4955, and 4957, which together provide that the failure to contest the validity or enforcement of the registered order in a timely manner precludes further contest of that order with respect to any matter that could have been asserted, precluded the mother from objecting to an understatement of arrears after confirmation. (*de Leon,* at pp. 123, 126.) The Court of Appeal held that the mother was not precluded from objecting to the understatement of arrears after confirmation because it "is not a

matter that [she] 'could have . . . asserted at the time of registration' (§ 4957)." (*Id.* at p. 126.)  The court reasoned that the seven defenses set forth in section 4956 "are the only permitted objections to registration [citations], and none can fairly be read to encompass an objection that the amount of arrears listed on a registration statement is understated." (*de Leon*, at p. 126, italics omitted.)

Unlike the parties in *de Leon,* in this case Father *did* object to registration of the order, and following a hearing on his objection, the registration was confirmed.  More importantly, as previously discussed, Father's objection came within one of the seven defenses to registration permitted under section 4956, subdivision (a), and thus, was a matter that Father could have, *and indeed did*, assert at the time of registration.

For all the foregoing reasons, the trial court properly concluded that the burden was on Father to prove Italy is not a "state" under UIFSA.

## II
### Father Failed to Prove That Italy Is Not a "State" Under UIFSA

Assuming we conclude, as we have, that the burden was on Father to prove that Italy is not a "state" under UIFSA, Father contends that the trial court "nonetheless reached an erroneous conclusion" because "Italy clearly is not a state under UIFSA as a matter of law."  We are not persuaded.

As a preliminary matter, Father claims the trial court "erred as a matter of law in concluding that Italy is a state under UIFSA."  The trial court, however, did not so conclude.  Rather, it concluded that Father failed to meet his burden of proving that Italy is not a "state" under UIFSA.  As we shall explain, the trial court was correct.

In support of his contention that Italy is not a "state" under UIFSA as a matter of law, Father cites to *Rains v. Department of Soc. and Health Servs.* (Wash.App. 1999) 989 P.2d 558 (*Rains*), which held that the Washington Division of Child Support (DCS) "had no authority to proceed *administratively* and enforce the support obligation here because this obligation had been established under Italian law and not by the law of

11

another 'state.' " (*Id.* at p. 562, italics added.) In that case, "[n]either DCS nor Ms. Rains sought enforcement under the UIFSA. Instead, they sought to enforce the Italian support order administratively under RCW 74.20, RCW 74.20A, and WAC 388-14." (*Id.* at p. 561.) "RCW 74.20.040(2) provides that the secretary of DCS 'may . . . take appropriate action to establish or enforce support obligations against the parent or other persons owing a duty to pay moneys.' Definitions for terms used in RCW 74.20 and RCW 74.20A are contained in RCW 74.20A.020. A 'support obligation' is defined as 'the obligation to provide for the necessary care, support, and maintenance, including medical expenses, of a dependent child or other person *as required by statutes and the common law of this or another state.*' RCW 74.20A.020(4) (emphasis added). The term 'state' is defined as 'any state or political subdivision, territory, or possession of the United States, the District of Columbia, and the Commonwealth of Puerto Rico.' RCW 74.20A.020(11)." (*Id.* at pp. 561-562.) Significantly, the definition of "state" applied by the court in *Rains* differs significantly from UIFSA's definition. The definition applied in *Rains* is limited to " 'any state or political subdivision, territory, or possession of the United States, the District of Columbia, and the Commonwealth of Puerto Rico,' " (*id.* at p. 562) whereas UIFSA's definition includes "a foreign jurisdiction that has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under this chapter." (§ 4901, subd. (s)(2).)[4] Thus, even if it had been shown in *Rains* that Italy had enacted a law or established procedures for issuance and enforcement of support orders that are substantially similar to the

---

[4]    Under UIFSA, the term "state" means "a state of the United States, District of Columbia, Puerto Rico, the United Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States," and also includes "[a]n Indian tribe," and "a foreign jurisdiction that has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under this chapter." (§ 4901, subd. (s).)

12

procedures under UIFSA, it would have made no difference. Accordingly, *Rains* holding that Italy is not a "state" as that term is defined in an unrelated and dissimilar Washington statute is of no assistance here.

Father also reasserts his claim that Italy is not a state under UIFSA because its "support laws and procedures drastically differ from those in California in significant ways." In support of his assertion, Father claims that unlike California, "Italy has no [specified support] guidelines" and lacks a presumption that "spousal support for a short-term marriage . . . may last only one-half as long as the marriage itself . . . ." The Department responds that Father's comparison of "Italy's and California's substantive support laws" is not germane to the issue of whether Italy is a "state," arguing that "UIFSA only requires that the laws and procedures of a foreign country allow for the enforcement of California support orders independent of a reciprocity agreement." We agree with the Department.

The definition of "state" set forth in section 4901, subdivision (s) makes plain that the focus is on the foreign jurisdiction's laws and procedures "*for issuance and enforcement of support orders*," as distinguished from its laws and procedures related to the calculation of support. (§ 4901, subd. (s)(2), italics added.) This view is confirmed by the official comment to UIFSA in connection with the parallel provision of UIFSA, section 102, subsection 21 (9 Pt. IB West's U. Laws Ann. (2001) U. Interstate Family Support Act, § 102, p. 177). (*In re Marriage of Crosby & Grooms* (2004) 116 Cal.App.4th 201, 206, fn. 3 ["it is well established that comments of commissioners regarding uniform state laws 'are part of the legislative history and may be considered when the meaning of a statute is uncertain' "].) The 2001 comment on UIFSA states in pertinent part, "The 1996 amendment to Subsection (21) clarified the position that UIFSA . . . does not waive reciprocity in the international context. A major amendment to the text of Subsection (21) was made in 2001 to make clear that a foreign country or political subdivision is defined as a 'State' under the Act in three situations. First, a

declaration by the U.S. State Department that a foreign jurisdiction is a reciprocating country or political subdivision is controlling for all states. Second, in the absence of such a declaration, each of the several states can make an arrangement with a foreign country or political subdivision for reciprocal enforcement of child support. *Finally, a finding may be made that a foreign jurisdiction has a law or procedure substantially similar to UIFSA. That is, a tribunal may consider whether the foreign jurisdiction also has laws and procedures that allow for a U.S. order to be recognized in that foreign jurisdiction independent of a formal reciprocity agreement.*" (29F Pt. 2 West's Ann. Fam. Code (2013 ed.) foll. § 4901, p. 19, italics added.)

We construe the "substantially similar" language in section 4901, subdivision (s)(2) to mean that a foreign country may be deemed a state within the meaning of UIFSA if the foreign country has laws and procedures that allow for recognition and enforcement of a California child support order, which need not be identical to California's laws and procedures under UIFSA. Whether Italy has specified support guidelines or a presumption limiting spousal support for short-term marriages is unrelated to a determination of whether Italy has laws and procedures that allow for recognition and enforcement of a California child support order.[5] Accordingly, Father's claims related thereto, even if true, fail to establish that Italy is not a state under UIFSA.

---

[5]     To the extent Father contends otherwise by asserting that ". . . UIFSA itself mandates consideration of California guidelines," he is incorrect. Section 4953, subdivision (a), expressly provides that "[t]he law of the *issuing state* governs the nature, extent, amount, and duration of current payments and other obligations of support and the payments of arrearages under the order." (Italics added.) It is undisputed that Italy issued the support order in question, and thus, Italian, not California, law governs both the amount and duration of current payments and other obligations of support. Section 4917, cited by Father, provides that "[e]xcept as otherwise provided by this chapter, a responding tribunal of this state . . . [¶] . . . [¶] [s]hall determine the duty of support and the amount payable in accordance with the law and support guidelines of this state."

14

Father also asserts, based on "inform[ation] and belie[f]" that "Italy assumes broad jurisdiction over support orders and seemingly has no respect for support orders issued by another country if, as here, one of the parents is an Italian citizen, the child is an Italian citizen, or the child resides in Italy." In support of his assertion, Father cites to "Italy's Article 37 of Statute 218/95," which is part of the amended Italian Private International Law Act of May 31, 1995, no. 218, which took effect on September 1, 1995. (*Law Reforming the Italian System of Private International Law* (1996) 35 I.L.M. 760, 773.) Article 37, cited by Father, provides: "1. Italian courts shall have jurisdiction over filiation and personal relations between parents and child, as well as in the cases provided for by Articles 3 and 9, respectively, whenever either the parent or the child is an Italian national or resides in Italy." (*Id.* at p. 773.) Article 37, says nothing about the recognition or enforcement of foreign support orders. However, Article 64, cited by the Department, provides: "1. A judgement rendered by a foreign authority shall be recognized in Italy without requiring any further proceedings if: [¶] a) the authority rendering the judgement had jurisdiction pursuant to the criteria of jurisdiction in force under Italian law; [¶] b) the defendant was properly served with the document instituting the proceedings pursuant to the law in force in the place where the proceedings were carded out, and the fundamental rights of the defence were complied with; [¶] c) the parties proceeded to the merits pursuant to the law in force in the place where the proceedings were carded out, or default of appearance was pronounced in pursuance of that law; [¶] d) the judgement became final according to the law in force in the place where it was pronounced; [¶] e) the judgement does not conflict with any other final judgement pronounced by an Italian court/authority; [¶] f) no proceedings are pending before an Italian court between the same parties and on the same object, which was initiated before the foreign proceedings; [¶] g) the provisions of the judgement do not conflict with the requirements of public policy (ordre public)." (*Id.* at pp. 779-780.) Thus, contrary to Father's assertion, Italy does appear to respect support orders issued by

15

another country in cases where, as here, one of the parents is an Italian citizen, the child is an Italian citizen, or the child resides in Italy.

Finally, Father points to the Italian court's finding that he was properly served with the petition for dissolution at his former mother-in-law's house as evidence Italy has failed to enact adequate "procedural safeguards" regarding child and spousal support. The Italian court, however, found that Father was properly served at his most recent address listed in the registry office of the municipality where he lived in Italy. In doing so, the court noted that although Father had moved to the United States in 2008, he failed to update his address until 2011. Moreover, as the Department aptly notes, in California, persons providing the Department of Motor Vehicles with a mailing address consent to service at that address. (Veh. Code, § 1808.21; see also *Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC* (S.D.Cal. Nov. 19, 2010, 10cv772-IEG(NLS)) 2010 U.S.Dist. Lexis 123728, *15.) The Italian court's ruling that Father was properly served at his former mother-in-law's home does not support a finding that Italy lacked "a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under [UIFSA]." (§ 4901, subd. (s)(2).)

For all the foregoing reasons, we find that the trial court properly concluded that Father failed to prove that Italy is not a "state" under UIFSA.[6]

---

[6] In his reply brief, Father argues for the first time that enforcement of the Italian support order contravenes the public policy of this state by "permanently placing a barrier the size of the Atlantic Ocean between a young boy and his loving dad by eliminating the father's financial ability to traverse that distance to develop and maintain the vital parent-child relationship." This argument was not raised in Father's objection to the registration of the support order or his supplemental brief regarding the differences between Italian and California law support laws. "Ordinarily, we do not consider arguments raised for the first time in a reply brief." (*People v. Mickel* (2016) 2 Cal.5th 181, 197.) And Father's argument fails to persuade us on the merits. Significantly, Father offers no explanation as to how the support order prevents him from visiting his son other than to claim that the amount of support ordered amounts to approximately one-half of his net

The Record Does Not Support Father's Claim That He Was Denied an Opportunity to Put on Evidence

Father next claims that he was denied "a proper opportunity to put on evidence to counter the notion that Italy is a state" under UIFSA. According to Father, "[t]he record reflects that Father made the Superior Court aware of his desire for an evidentiary hearing . . . ." In support of his assertion, he cites to his *proposed* findings and order after hearing, which was submitted to the court on December 18, 2013, 16 days *after* the hearing. Father's proposed findings and order stated in pertinent part: "This court denies [Father's] request for an evidentiary hearing to attempt to meet his burden of proving that Italy has not enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the [UIFSA]." The Department objected to Father's proposed findings and order on several grounds, including that it "does not accurately reflect the court's order," and submitted its own proposed findings and order. The trial court adopted the Department's proposed findings and order, which made no mention of any request for an evidentiary hearing.

Father's proposed findings and order, which was submitted 16 days after the hearing and was rejected by the trial court, is not evidence that Father requested an evidentiary hearing or that the trial court was aware his "desire" for such a hearing. Having reviewed the record, we find no support for Father's claim that he was denied an opportunity to put on evidence that Italy is not a state under the UIFSA. To the contrary,

---

earnings. Father's claim is not supported in the record. The Italian court confirmed its prior order directing Father to pay €1,000 in monthly child support and €400 in monthly spousal support based, in part, on Father's net monthly income of €3,900. Based on that figure roughly 36 percent of Father's net income goes toward support, leaving Father with €2,500 or $2,935.5. (Bloomberg, *Markets* (Oct. 23, 2017) <https://www.bloomberg.com/quote/EURUSD:CUR> [as of Oct. 23, 2017].) Absent additional explanation or evidence, we are unable to assess the support order's impact on Father's ability to visit his son.

the record reflects that Father's position in the trial court was that the burden was on the Department to show that Italy was a state, and that he did not have to prove a thing.

In sum, there is no evidence to support Father's claim that he requested an evidentiary hearing, much less that any such request was denied. Accordingly, Father's claim that he was denied "a proper opportunity to put on evidence to counter the notion that Italy is a state" fails.

IV
A Statement of Decision Was Not Required

Finally, Father contends that the trial court "erroneously refused to render a statement of decision" in this case. As we shall explain, Father failed to make a timely request for a statement of decision, and thus, none was required.

"Upon a party's timely and proper request, [Code of Civil Procedure] section 632 requires a trial court to issue a statement of decision following 'the trial of a question of fact by the court.' " (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.) The request must be made within 10 days after the court announces a tentative decision, unless the trial is concluded within one calendar day or in less than eight hours over more than one day, in which case the request "must be made prior to the submission of the matter for decision." (Code of Civ. Proc., § 632.)

In this case, the hearing was concluded within one day, and thus, a request for a statement of decision had to be made on or before December 2, 2013, when the matter was submitted for decision. Father, however, waited 16 days, until December 18, 2013, to make his request. Because the request was untimely, a statement of decision was not required.

DISPOSITION

The order confirming registration and enforcement of the Italian support order is affirmed. Father shall bear the costs on appeal. (Cal. Rules of Court, rule 8.278 (a)(1) & (2).)

         /s/                      

Blease, J.

We concur:

   /s/                       

Raye, P. J.


   /s/                       

Duarte, J.

Filed 11/27/17

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DANIELA CIMA-SORCI, | C075774 |
| Real Party in Interest, | (Super. Ct. No. 13FS05640) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| TYSON S. SORCI, | |
| Defendant and Appellant; | NO CHANGE IN JUDGMENT |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

        APPEAL from a judgment of the Superior Court of Sacramento County, Scott P. Harman, Commissioner.  Affirmed.

        Bartholomew & Wasznicky, Craig C. Weaver; weintraub tobin chediak coleman grodin, and Brendan J. Begley, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Senior Assistant Attorney General, Linda M. Gonzalez, Supervising Deputy Attorney General, and Ricardo Enriquez, Deputy Attorney General, for Intervener and Respondent.

        No appearance for Real Party in Interest.

1

THE COURT:

The opinion in the above-entitled matter filed on October 30, 2017, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:


   /s/
Raye, P. J.


   /s/
Blease, J.


   /s/
Duarte, J.

2