IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**DAVID STAMBAUGH,**
*Plaintiff/Appellant,*

*v.*

**MARK KILLIAN, ACTING IN HIS CAPACITY AS DIRECTOR OF THE ARIZONA DEPARTMENT OF AGRICULTURE; ARIZONA DEPARTMENT OF AGRICULTURE, AN AGENCY OF THE STATE OF ARIZONA; SUZETTE TAYLOR, ACTING IN HER CAPACITY AS STATE BRAND CLERK AT THE ARIZONA DEPARTMENT OF AGRICULTURE; STATE OF ARIZONA; AND EUREKA SPRINGS CATTLE CO., LLC, AN ARIZONA LIMITED LIABILITY COMPANY AND REAL PARTY IN INTEREST,**
*Defendants/Appellees.*

No. CV-16-0217-PR
Filed August 3, 2017

Appeal from the Superior Court in Maricopa County
The Honorable John Christian Rea, Judge
No. CV2012-017523
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
240 Ariz. 353 (App. 2016)
**VACATED**

COUNSEL:

Paul R. Orme, Mark A. McGinnis (argued), R. Jeffrey Heilman, Salmon Lewis & Weldon, PLC, Phoenix, Attorneys for David Stambaugh

Mark Brnovich, Arizona Attorney General, Kathleen P. Sweeney, Senior Appellate Counsel, Christopher William McCormack (argued), Assistant Attorney General, Phoenix, Attorneys for Mark Killian, the Arizona Department of Agriculture, Suzette Taylor, and the State of Arizona

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, JUSTICES TIMMER, BOLICK, and GOULD, and JUDGE PETERSON* joined. JUSTICE BOLICK filed a concurring opinion.

_____

JUSTICE BRUTINEL, opinion of the Court:

¶1        Arizona Revised Statute § 3-1261(B) provides that no two brands of the same design or figure shall be adopted or recorded.  Nonetheless, the Arizona Department of Agriculture ("Department") allowed Eureka Springs to record a "bar seven" brand (—7), even though it was identical to a previously recorded brand owned by David Stambaugh, because it was placed on a different location on the animals.  We hold that the plain language of the statute precludes the Department from recording "two brands of the same design or figure" regardless of their location.

## I.  BACKGROUND

¶2        Eureka Springs planned to move its bar-seven branded cattle from California to Arizona.  Rather than re-brand the cattle, it applied to the Department to use the bar seven brand in Arizona.  Stambaugh had previously recorded an identical brand in Arizona.  Eureka Springs' cattle, however, are branded on their left rib, and Stambaugh's cattle are branded on their left hip.  Because the brands are identical, the Department's brand clerk twice rejected Eureka Springs' application but was eventually overruled by her supervisors.  Because the brands were placed on different locations on the cattle, the Department approved Eureka Springs' brand.

¶3        When the Department publicly advertised Eureka Springs' request to record its brand pursuant to A.R.S. § 3-1261(C), Stambaugh filed a protest.  The Department rejected the protest and issued a certificate to Eureka Springs approving and recording its bar seven brand applied to the left rib.

¶4        Stambaugh sued the Department, and both parties moved for summary judgment.  The superior court granted the Department's motion in part, explaining that "A.R.S. § 3-1261 and related statutes give the [Department] and its employees discretion, as a matter of law, to consider the location of a brand on an animal in determining whether two brands are of the same design or figure."  The superior court remanded the

_____

* Justice John R. Lopez has recused himself from this case.  Pursuant to article 6, section 3, of the Arizona Constitution, the Honorable Michael D. Peterson, Presiding Judge of the Graham County Superior Court, was designated to sit in this matter.

matter to the Department to conduct an administrative hearing on the brand and the protest.

¶5          The court of appeals affirmed, holding that A.R.S. § 3-1261(B) is ambiguous. *Stambaugh v. Butler*, 240 Ariz. 353, 356 ¶ 11, 358 ¶ 18 (App. 2016).  Because the brands are in separate locations, the court reasoned they are not identical, and the Department therefore did not violate § 3-1261 when it approved Eureka Springs' brand.  *See id*. at 357 ¶ 14.  One judge dissented, reasoning that the phrase "design or figure" is unambiguous and "excludes consideration of placement; both 'design' and 'figure' are defined to include only a pattern, shape, or pictorial representation."  *Id*. at 358 ¶ 20 (Jones, J., dissenting).

¶6          We granted review because this case presents an issue of statewide importance that is likely to recur.  We have jurisdiction pursuant to article 6, section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24.

## II.  DISCUSSION

### A.  Standard of Review

¶7          We review the interpretation of statutes de novo.  *Wade v. Ariz. St. Ret. Sys.*, 241 Ariz. 559, 561 ¶ 10 (2017).  "Our primary goal is to effectuate the legislature's intent." *Id.*  "If the statute is subject to only one reasonable interpretation, we apply it without further analysis."  *Id*. (citation omitted).  Words in statutes should be read in context in determining their meaning.  *See J.D. v. Hegyi*, 236 Ariz. 39, 40–41 ¶ 6 (2014).  In construing a specific provision, we look to the statute as a whole and we may also consider statutes that are *in pari materia* — of the same subject or general purpose — for guidance and to give effect to all of the provisions involved.  *See David C. v. Alexis S.*, 240 Ariz. 53, 55 ¶ 9 (2016).

### B.  A.R.S. § 3-1261(B) is unambiguous and does not include location.

¶8          Section 3-1261(B) states, "No two brands of the same design or figure shall be adopted or recorded, but the associate director may, in his discretion, reject and refuse to record a brand or mark similar to or conflicting with a previously adopted and recorded brand or mark."

¶9          The court of appeals majority determined that the statute is ambiguous and held that it was within the Department's discretion to consider a proposed brand's location on an animal to decide if it was the same "design or figure" as an already

recorded brand. *Stambaugh*, 240 Ariz. at 356–58 ¶¶ 11–17. We disagree. The statutory language, when considered in context and in relation to the statutory scheme, is unambiguous and does not refer to the location of the brand.

¶10 We start with the statutory language. Because the statute does not define "design or figure" we use the common meaning of those words. *See State v. Pena*, 235 Ariz. 277, 279 ¶ 6 (2014). "Design" is defined as "[a] drawing or sketch"; "[a] graphic representation, especially a detailed plan for construction or manufacture"; and "[a]n ornamental pattern." *Design*, American Heritage Dictionary of the English Language 491 (5th ed. 2011). "Figure" is defined as "[a] written or printed symbol representing something other than a letter, especially a number"; "[t]he outline, form, or silhouette of a thing"; and "[a] pictorial or sculptural representation, especially of the human body." *Figure*, American Heritage Dictionary of the English Language 656 (5th ed. 2011). Based on these definitions, the phrase "no two brands of the same design or figure" does not refer to location as part of its meaning.

¶11 We next look to the statute as a whole to determine whether the provision is subject to more than one reasonable interpretation. The Department, citing *State v. Sweet*, 143 Ariz. 266, 269 (1985), posits that a statute may be found to be ambiguous if there is uncertainty concerning the meaning of its terms or its scope when all its provisions are examined. But here, the remaining provisions of the statute confirm that subsection (B) can only reasonably be interpreted as barring the recording of two brands of the same design or figure, even in different locations.

¶12 Subsection (G) of the statute provides, "It is unlawful to apply a recorded brand in any location on an animal except as specified on the brand registration certificate. The application of a brand in any other location is the equivalent of the use of an unrecorded brand." A.R.S. § 3-1261(G). Subsection (G) recognizes a distinction between a brand and its location as specified on the registration. Reading "design or figure" to incorporate location would conflate that distinction.

¶13 The Department unconvincingly argues otherwise. The Department contends that subsection (G) requires this Court to interpret a brand's design or figure as including its proposed location. But subsections (B) and (G) serve different functions. Subsection (B) refers to adopting and recording a brand. Adopting and recording a brand is the province of the Department, and thus (B) governs the exercise of the Department's authority. Subsection (G), on the other hand, refers to applying a recorded brand. Although the Department records brands, the livestock owner applies them, and the owner, not the Department, is subject to criminal liability for a misapplication. Subsection (G) is a directive to the livestock owners, not the Department. The limitation

on brand placement by the owner in subsection (G) does not expand the limitation on the Department's authority to approve designs or figures under subsection (B).

¶14        Additionally, if location were included in "design or figure," the second sentence of subsection (G) would be superfluous. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 552 ¶ 31 (2005) ("Whenever possible, we do not interpret statutes in such a manner as to render a clause superfluous."). If the Department's interpretation were correct, placing a brand in a location other than the one specified on the certificate would not be "the equivalent of the use of an unrecorded brand" — it would *be* an unrecorded brand. Thus, this language in (G) would be unnecessary. Equating a misapplied brand to an unrecorded brand, rather, serves the purpose of putting ranchers on notice that placing a brand in a location other than the one specified leads to the same criminal consequences as using an unrecorded brand. *See* A.R.S. § 3-1269(A) ("A person who knowingly brands livestock with an unrecorded . . . brand is guilty of a class 3 misdemeanor.").

¶15        The court of appeals reasoned that "location" should be read into subsection (B) because the surrounding subsections reference location. *Stambaugh*, 240 Ariz. at 356 ¶ 12. But under traditional methods of statutory interpretation, the opposite is true — the fact that the legislature intentionally used the word "location" in other parts of the statute and omitted it from subsection (B) suggests that location was not meant to be part of subsection (B). *City of Flagstaff v. Mangum*, 164 Ariz. 395, 398 (1990) ("Where the legislature uses a term within one statute and excludes it from another, the term usually will not be read into the provision from which it was excluded.").

¶16        In addition to the language of § 3-1261 itself, the statutory scheme otherwise indicates that "design or figure" does not encompass location. A related statute, A.R.S. § 3-1262(A), which regulates the recording of brands and earmarks, reflects that a brand's location is distinct from its design or figure. Section 3-1262(A) states in pertinent part:

> Recording shall consist of *depicting a facsimile of the brand* adopted, and a diagram of the earmarks, together with an entry of the name, residence, telephone number and post office address of the person adopting the brand and earmarks, the date recorded, *the place upon the livestock or other animals where the brand is proposed to be used*, the kind of animals upon which the brand and earmark are proposed to be used, and a general designation and statement of the location of the range whereon such animals are permitted to range.

A.R.S. § 3-1262(A) (emphasis added). If "location" was included in "design or figure," there would be no need to separate out the depiction of "a facsimile of the brand," which must have a unique "design or figure," from "the place upon the livestock or other animals where the brand is proposed to be used."

¶17   Because the meaning of § 3-1261(B) is plain, based on the statute as a whole and its context within the statutory scheme, we do not resort to other canons of statutory interpretation. *See State v. Christian*, 205 Ariz. 64, 66 ¶ 6 (2003). The statute clearly provides that a brand with an identical design or figure may not be recorded.

¶18   Nonetheless, we address several additional arguments asserting the ambiguity of the statute. The Department argues that when subsection (B) grants it "discretion to refuse to record a brand that is similar to a previously recorded brand, the statute necessarily also gives [the Department] discretion to record a brand that it determines is similar to, but sufficiently distinguishable from, a previously recorded brand to fulfill" the purposes of § 3-1261 in identifying livestock ownership and preventing livestock theft. The Department asserts that this grant of discretion also allows it to record an identical brand sufficiently distinguishable because of its location. But even if we accept the Department's contention that this language allows it to approve similar brands, because neither "design" nor "figure" refers to location, approval of an identical design in a different location is not "similar"; it is the same, in violation of the statute.

¶19   Contrary to the Department's argument, reading "design or figure" to not include location does not render other provisions within A.R.S. § 3-1261 moot. Mandating the location serves other useful functions. As Stambaugh argued, "[E]xclusive brand designs serve to identify the owner of the brand, while monitoring the location of these brands assists the [Department] with identifying problematic brands, which may be unique in design but lead to misidentification."

¶20   Furthermore, location can also serve as protection against theft. Requiring ranchers to specify the location of their brands makes it more difficult for a thief to modify or replace a valid brand because the thief must pass what effectively is a two-prong security test: a matching design and a matching location. Even if the thief is able to modify one brand design into another, it must still be in the required location. Additionally, specifying the location of the brand helps the Department and other ranchers know where to look to be able to quickly identify an animal's owner. In other words, the location requirement serves valuable functions without being part of the "design or figure" of the brand itself.

## C. Deference to Agency Interpretation.

¶21    The Department argues that we should defer to its interpretation of the statute based on its expertise. Because the legislature has directly and clearly spoken to the question at issue, this Court owes no deference to the Department's interpretation. *See Wade,* 241 Ariz. at 563 ¶ 21 (refusing to give weight to an agency's interpretation of a statute within its expertise when the legislature explicitly addressed the matter at issue and this Court was "able to ascertain legislative intent by applying interpretive principles").

¶22    We note, however, that contrary to the court of appeals' assertion, giving the statute its plain meaning is unlikely to result in mass confusion in the cattle industry. *See Stambaugh*, 240 Ariz. at 357 ¶ 15 n.5 (expressing concern that not reading location into "design or figure" might invalidate hundreds of brands). At oral argument, we questioned the parties at length about the Department's practices. Despite the Department's claim of its "longstanding interpretation," it could find only thirty-two instances of duplicate brands out of 10,000 registered brands. Further, there was no written policy at the time relevant here, and during the time period when there was a written policy, it forbade identical brands.

¶23    The Department's policy manuals from 1992 to 1998 state, "<u>NO</u> identical brands are accepted for recording." (emphasis in original). The manuals also read, "We do not record a brand which conflicts with a recorded brand. This is a brand which resembles a recorded brand or could, with slight changes, be changed into that brand, *especially* if on the *same side* of the animal." (emphasis added). According to its own manuals, the Department's policy did not even allow for similar looking (let alone identical) brands on the same side of the animal. Rejecting identical brands in different locations is unlikely to result in revocation of large numbers of existing brands.

## III. CONCLUSION

¶24    We hold that A.R.S. § 3-1261(B) is unambiguous and precludes the Department from adopting or recording identical brands. We reverse the superior court's judgment and vacate the court of appeals' opinion. We remand to the superior court with instructions to grant summary judgment in favor of Stambaugh. Stambaugh is awarded his reasonable attorney fees incurred in this Court pursuant to A.R.S. § 12-2030, upon compliance with ARCAP 21.

BOLICK, J., concurring:

¶25          I join entirely the Court's analysis and outcome.  In addition to other arguments rejected by the Court, the Department urged us to apply *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and defer to its administrative expertise in construing the statute.  I write separately only to note that this Court has never expressly considered whether *Chevron* or its progeny establish standards for administrative deference under Arizona law.  I trust that, to the contrary, our constitutional separation of powers remains vibrant, notwithstanding the extent to which the United States Supreme Court has eroded it in the federal context.  *See Gutierrez-Brizuela v. Lynch*, 834 F.3d 1142, 1149–58 (10th Cir. 2016) (Gorsuch, J., concurring).