IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**STATE OF ARIZONA,**
*Petitioner,*

*v.*

**THE HONORABLE PAMELA S. GATES, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,**
*Respondent Judge,*

**APOLINAR ALTAMIRANO,**
*Real Party in Interest.*

---

No. CR-17-0326-PR
Filed February 16, 2018

---

Special Action from the Superior Court in Maricopa County
The Honorable Pamela S. Gates, Judge
No. CR2015-103569
**VACATED AND REMANDED**

---

COUNSEL:

William G. Montgomery, Maricopa County Attorney, Karen Kemper (argued), Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Maricopa County Public Defender's Office, Steve Warren McCarthy (argued), Joel Brown, Deputy Public Defenders, Phoenix, Attorneys for Real Party in Interest Apolinar Altamirano

Amy P. Knight (argued), Kuykendall & Associates, Tucson; Jana L. Sutton, Osborn Maledon, P.A., Phoenix; and John R. Mills, Phillips Black Project, San Francisco, California, Attorneys for Amicus Curiae, Arizona Attorneys for Criminal Justice

———————

JUSTICE GOULD authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, TIMMER, BOLICK, and LOPEZ joined.

———————

JUSTICE GOULD, opinion of the Court:

**¶1**          In this case, we address the procedure for evaluating a capital defendant's intellectual disability ("ID") status before trial.  Arizona Revised Statutes § 13-753(B) states the trial court shall order a pretrial ID evaluation in every capital case unless the defendant objects.  If an objection is lodged, the defendant waives the right to a pretrial evaluation.  *Id.*

**¶2**          We hold a defendant cannot void his waiver under § 13-753(B) by later withdrawing his objection.  We also hold, however, that a defendant's waiver does not deprive the court of its discretionary authority to order a pretrial ID evaluation if the defendant later requests or consents to one.

**I.**

**¶3**          In January 2015, Apolinar Altamirano was charged with first degree murder.  Following his indictment, the State filed a notice of intent to seek the death penalty.  In April 2015, the trial court ordered Altamirano to undergo an ID prescreening evaluation pursuant to § 13-753.  Altamirano objected to the evaluation but also stated he did "not waive his right to raise these issues at a later time, if appropriate, and his refusal to participate in the evaluation[] pursuant to the Court's order . . . should not be deemed or construed as a waiver of that right."

**¶4**          In May 2017, more than two years after filing his objection, and only four months before the scheduled trial date, Altamirano filed a motion "withdraw[ing] his objection to court-ordered testing" and "requesting that the statutory requirements of A.R.S. § 13-753(B) be applied."  Over the State's objection, the trial court granted the motion. The court concluded that § 13-753(B) permits Altamirano to reinstate his right to a pretrial ID evaluation by withdrawing his objection.

¶5        The State filed a special action with the court of appeals, which declined to exercise jurisdiction.  The State then filed a petition for review with this Court.

¶6        We granted review because this case involves a legal issue of statewide importance.  We have jurisdiction pursuant to article 6, section 5(3), of the Arizona Constitution.

## II.

¶7        We review the trial court's interpretation of a statute de novo. *Parrot v. DaimlerChrysler Corp.*, 212 Ariz. 255, 257 ¶ 7 (2006).  In interpreting a statute, our goal is to give effect to the legislature's intent.  *State v. Peek*, 219 Ariz. 182, 184 ¶ 11 (2008).  If a statute, by its terms, is unambiguous, we apply it as written without resorting to other rules of statutory interpretation.  *State v. Jurden*, 239 Ariz. 526, 530 ¶ 15 (2016).  Statutes relating to the same subject or having the same general purpose "should be read in connection with, or should be construed together with other related statutes, as though they constituted one law."  *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122 (1970); *see Stambaugh v. Killian*, 242 Ariz. 508, 509 ¶ 7 (2017) (same).

¶8        Here, we also construe § 13-753(B) against the backdrop of the Eighth Amendment.  Executing a defendant who has an ID violates the Eighth Amendment's protection against cruel and unusual punishment. *Atkins v. Virginia*, 536 U.S. 304, 307, 321 (2002).  Thus, if a court or a jury determines a defendant has an ID, a death sentence cannot be imposed.  *Id.*; *see also* A.R.S. § 13-753(A) (stating a person who has an ID "shall not be sentenced to death"); *State v. Escalante-Orozco*, 241 Ariz. 254, 266 ¶ 8 (2017).

¶9        In *Atkins*, the United States Supreme Court left to the states "the task of developing appropriate ways to enforce" this constitutional restriction.  536 U.S. at 317; *see also Moore v. Texas*, 137 S. Ct. 1039, 1048-49 (2017) (holding that states do not have unfettered discretion to reject medical community standards in defining ID); *Bobby v. Bies*, 556 U.S. 825, 831 (2009) (stating that *Atkins* "did not provide definitive procedural or substantive guides for determining when a person" has an ID).  As relevant here, *Atkins* does not require an ID determination be made before trial.  *See Commonwealth v. Sanchez*, 36 A.3d 24, 51–53 (Pa. 2011) (noting that *Atkins* did not prescribe a procedure mandating a pre-trial determination of a defendant's ID status).

**¶10**        Arizona's procedure for determining a defendant's ID status is set forth in § 13-753(B), which states:

> If the state files a notice of intent to seek the death penalty, the court, unless the defendant objects, shall appoint a prescreening psychological expert in order to determine the defendant's intelligence quotient . . . . If the defendant objects to the prescreening, the defendant waives the right to a pretrial determination of status.  The waiver does not preclude the defendant from offering evidence of the defendant's intellectual disability in the penalty phase.

**¶11**        Section 13-753 thus grants a capital defendant the right to obtain a pretrial evaluation of his ID status.  Stated another way, under the statute, the court is required to order an ID evaluation; the defendant does not have to request an evaluation, nor is he required to make any showing to obtain one. *Id*.

**¶12**        If the defendant objects to prescreening, he waives his right to a pretrial determination of his intellectual status. *Id*.; *Escalante-Orozco*, 241 Ariz. at 287 ¶ 134.  This waiver provision is, by its terms, limited to a defendant's right to obtain a pretrial evaluation; a defendant may still present evidence of his ID status during the penalty phase. *Id*; § 13-753(B).

**¶13**        Altamirano argues that § 13-753(B) permits him to void any waiver by withdrawing his objection.  We disagree.  Altamirano's construction of the statute renders the waiver provision meaningless.  If, as Altamirano contends, he can withdraw his objection at any time before trial and obtain a pretrial evaluation, there is, effectively, no statutory waiver. "We presume the legislature did not intend to write a statute that contains a void, meaningless, or futile provision"; thus, "[w]hen possible, we interpret statutes to give meaning to every word." *State v. Pitts*, 178 Ariz. 405, 407 (1994).

**¶14**        Accordingly, we conclude that § 13-753(B) prohibits Altamirano from reinstating his right to a pretrial ID evaluation by withdrawing his objection.  And this conclusion is not altered by Altamirano's qualified objection in which he tried to avoid waiver by preserving "his right to raise these issues at a later time."

**III.**

**¶15** As noted above, a defendant's waiver under § 13-753(B) only applies to his *right* to a pretrial ID determination. *See supra* ¶ 12. The waiver provision does not, however, prohibit the court from ordering an ID evaluation despite a defendant's earlier waiver. Section 13-753(B) authorizes courts in capital cases to order a prescreening determination of a defendant's ID status. *See also* A.R.S. § 13-753(H) (stating that if a "trial court *finds* that defendant has an [ID]," it "shall dismiss the intent to seek the death penalty," and "shall not impose a sentence of death on the defendant") (emphasis added). And courts generally have the authority to evaluate a criminal defendant's mental status before trial in both capital and noncapital cases. *See* A.R.S. § 13-754 (authorizing a court, unless defendant objects, to order a competency exam in a capital case); A.R.S. § 13-4503 (stating courts have the authority to order a competency exam in a noncapital case); A.R.S. § 13-4506 (permitting a court to order an insanity examination).

**¶16** However, the court's authority to order an examination is not unlimited. Because a defendant has the right to object to an ID evaluation, the court may not order an examination unless the defendant either requests or consents to the examination. *See supra* ¶¶ 11, 14. Additionally, in making a post-waiver determination, the court must consider whether ordering an evaluation would prejudice the state or the victims. Such prejudice includes, but is not limited to, whether the evaluation would require the court to continue an existing trial date. *See* Ariz. Const. art. 2, § 2.1(A)(10) (stating the victim has a right "[t]o a speedy trial . . . and prompt and final conclusion of the case"). Moreover, if the court, after considering all the above factors, decides to deny the defendant's request, the defendant may still offer evidence of his ID status during the penalty phase. A.R.S. § 13-753(B).

**IV.**

**¶17** For the foregoing reasons, we vacate the trial court's order, and we remand this case for that court to consider Altamirano's request for an ID evaluation applying the guidelines set forth in this opinion.