NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MATT STEINMETZ, PLLC, *Defendant/Appellant*,

*v.*

EVERYONE WINS, LLC, *Intervenor/Appellee*.

No. 1 CA-CV 17-0549
FILED 6-19-2018

Appeal from the Superior Court in Maricopa County
No. CV2015-096542
The Honorable Margaret Benny, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

McCarthy Holthus & Levine, P.C., Scottsdale
By Paul M. Levine
*Counsel for Defendant/Appellant*

Daniel Kloberdanz, PLC, Scottsdale
By Daniel L. Kloberdanz
*Counsel for Intervenor/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

_____

**C R U Z**, Presiding Judge:

¶1        Matt Steinmetz, PLLC ("Steinmetz"), appeals the superior court's judgment granting Everyone Wins, LLC's ("Everyone Wins") motion to intervene and application for excess proceeds. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Steinmetz owned real property located in Phoenix, Arizona ("Residence"). In connection with his purchase of the Residence, Steinmetz obtained a loan from Frank West Capital, LLC ("Frank West") that was secured by a first position purchase money deed of trust.

¶3        Approximately two years later, Discovery at Villa De Paz Homeowners' Association ("Villa De Paz") filed a complaint against Steinmetz seeking recovery of unpaid dues and assessments and to foreclose its contractual and statutory lien. Two months later, the court entered a default judgment against Steinmetz, awarding Villa De Paz damages and ordering that "all such sums are secured by a lien against the [Residence] and the lien is a valid lien on the [Residence] . . . ." The judgment further provided that the "lien is hereby foreclosed and a special execution is hereby issued . . . directing [the Maricopa County Sheriff] to seize and sell the [Residence] under execution in satisfaction of all amounts dues [sic] to [Villa De Paz]" pursuant to the terms of the judgment.

¶4        Jarvis Holdings, LLC, ("Jarvis") purchased the Residence at the September 2016 Sheriff's sale, and the Sheriff deposited excess proceeds of $31,444.99 with the Maricopa County Clerk. Everyone Wins purchased the beneficial interest in the Deed of Trust from Frank West in February 2017. A month later, Jarvis moved to intervene and applied for the excess proceeds, but the court denied the motion and application with prejudice. Steinmetz also moved for the excess proceeds, but the court denied the application without prejudice and noted that adequate notice had not been given to a priority lienholder, Everyone Wins, and Everyone Wins had not

been properly noticed of the hearing. It provided Everyone Wins' address to the parties and stated the court's minute entry would serve to inform Everyone Wins as to the events in the matter. Everyone Wins then moved to intervene and applied for excess proceeds, and the court granted both the motion and the application.

¶5        Steinmetz timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A).

## DISCUSSION

¶6        Steinmetz argues the superior court erred by distributing the excess proceeds to Everyone Wins pursuant to A.R.S. § 33-727. He argues: (1) the excess proceeds from the sheriff's sale of a residence on 2.5 acres or less are payable to the owner where there are no junior liens or encumbrances; (2) A.R.S. § 33-727 does not permit payment of the excess proceeds to senior lien holders in connection with the foreclosure of a statutory homeowners' association loan; and (3) Everyone Wins purchased the beneficial interest in the Deed of Trust at its own risk.

¶7        We review issues of law and of statutory interpretation *de novo*. *Bank of America, N.A. v. Felco Bus. Servs., Inc. 401(K) Profit Sharing Plan*, 243 Ariz. 150, 154, ¶ 11 (App. 2017). Our task in statutory construction is to effectuate the text if it is clear and unambiguous. *State v. Burbey*, 243 Ariz. 145, 147, ¶ 7 (2017). "Words in statutes should be read in context in determining their meaning." *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017). "We consider individual sections of a statute in the context of the whole statute, and construe statutory provisions in light of the entire statutory scheme so they may be harmonious and consistent." *Cypress on Sunland Homeowner's Ass'n v. Orlandini*, 227 Ariz. 288, 297, ¶ 30 (App. 2011) (internal quotations and citations omitted).

¶8        Steinmetz argues Arizona's anti-deficiency statutes, A.R.S. §§ 33-729 and 33-814(G), forbid the distribution of excess proceeds to a superior lien holder pursuant to A.R.S. § 33-727(B). However, close examination of these statutes indicates that neither is applicable in this case.

¶9        Section 33-729(A) provides in part:

> [I]f a mortgage is given to secure the payment of the balance of the purchase price, or to secure a loan to pay all or part of the purchase price, of a parcel of real property of two and one-half acres or less which is limited to and utilized for either a single one-family or single two-family dwelling, the lien of

3

judgment in an action to foreclose such mortgage shall not extend to any other property of the judgment debtor, nor may general execution be issued against the judgment debtor to enforce such judgment, and *if the proceeds of the mortgaged real property sold under special execution are insufficient to satisfy the judgment*, the judgment may not otherwise be satisfied out of other property of the judgment debtor, notwithstanding any agreement to the contrary.

(Emphasis added.) Here, the proceeds of the mortgaged real property sold under special execution were not insufficient to satisfy the judgment of the junior lienholder, so by its plain language, A.R.S. § 33-729(A) is inapplicable.

¶10 Section 33-814(G) provides:

If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling *is sold pursuant to the trustee's power of sale*, no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses.

(Emphasis added.) Here, A.R.S. § 33-814(G) does not apply because the Residence was not sold pursuant to the trustee's power of sale. Therefore, like A.R.S. § 33-729(A), A.R.S. § 33-814(G) is inapplicable by its plain language.

¶11 Furthermore, neither A.R.S. § 33-814(G) nor A.R.S. § 33-729 apply because Everyone Wins did not foreclose on its own deed of trust or sue Steinmetz directly on the promissory note. *See Long v. Corbet*, 181 Ariz. 153, 157-58 (App. 1994) (providing that the anti-deficiency statute applicable to a trustee's sale, A.R.S. § 33-814, does not apply to a secured creditor's receipt of excess proceeds generated by another creditor's foreclosure).

¶12 Steinmetz cites *Midyett v. Rennat Properties, Inc.*, 171 Ariz. 492 (App. 1992), in support of his argument that the excess proceeds from the sheriff's sale of a residence on 2.5 acres or less are payable to the owner where there are no junior liens or encumbrances. However, *Midyett* does not support Steinmetz' position. In *Midyett*, the Midyetts filed an action against Williams pursuant to A.R.S. § 33-748 for breach of contract and the foreclosure of their lien. *Id.* at 493. Judgment was entered in favor of the Midyetts, and, at a sale to satisfy the judgment subject to a prior lien, Rennat

became the purchaser. *Id.* Rennat argued on appeal that the Midyetts, the foreclosing judgment creditors, were obligated to take the proceeds from the foreclosure sale and pay off a senior lien on the property. *Id.* Thus, the holding of *Midyett* would only apply if Jarvis, the purchaser at the sheriff's sale, had argued that the foreclosing homeowners' association was obligated to take the sale proceeds from its own sheriff's sale and pay off the first deed of trust before paying its own judgment. Because these are not the facts at hand, *Midyett* is inapplicable.

¶13        Steinmetz next argues the superior court erred by applying A.R.S. § 12-1562(A) because the foreclosure involved a writ of special execution rather than general execution.

¶14        We disagree that A.R.S. § 12-1562(A) is inapplicable because the foreclosure involved a writ of special execution. Section 12-1562(A) provides that in a general execution, "[a]ny excess in the proceeds over the judgment and costs shall be returned to the judgment debtor *unless otherwise directed by an order of the court*." (Emphasis added.) However, pursuant to A.R.S. § 12-1562(C), "[a]n officer shall execute the special execution . . . by enforcing the collection of damages and costs as in a general execution." Accordingly, the court properly applied A.R.S. § 12-1562(A) to the foreclosure in this case.

¶15        Next, Steinmetz argues A.R.S. § 33-727 does not apply because the foreclosure in this case was not a foreclosure of a mortgage. Section 33-727(B) provides in relevant part as follows:

> If there are other liens on the property sold, or other payments secured by the same mortgage, they shall be paid in their order, and if the money secured by any such lien is not yet due, a rebate of interest, to be ascertained by the court, shall be made by the holder, or his lien on such property will be postponed to those of a junior date, and if there are no other liens the balance shall be paid to the mortgagor.

¶16        Although A.R.S. § 33-727 refers to a "mortgage," A.R.S. § 33-1807(A) provides that a homeowners "association's lien for assessments, for charges for late payment of those assessments, for reasonable collection fees and for reasonable attorney fees and costs incurred with respect to those assessments may be foreclosed in the same manner as a mortgage on real estate[.]" The court accordingly did not err in applying A.R.S. § 33-727.

¶17        Everyone Wins seeks its attorneys' fees and costs pursuant to A.R.S. §§ 12-341.01 and 12-1101 and the mandatory attorneys' fees

provisions contained in the deed of trust and promissory note.[1]  Because Everyone Wins is the successful party and the action arose out of contract, we award Everyone Wins its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341.01, upon its compliance with Arizona Rule of Civil Appellate Procedure 21.  *See* A.R.S. § 12-341.01.

**CONCLUSION**

¶18        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[1]        Steinmetz also seeks an award of attorneys' fees and costs pursuant to the deed of trust and A.R.S. § 12-341.01, but it did not raise this request in its opening brief.  "We will not consider arguments made for the first time in a reply brief."  *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007).