IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MANUEL ERINEO GONZALES, *Appellee*,

*v.*

ARIZONA STATE BOARD OF NURSING, *Appellant*.

No. 1 CA-CV 22-0278
FILED 4-13-2023

Appeal from the Superior Court in Maricopa County
No.  LC2021-000127-001
The Honorable Daniel J. Kiley, Judge (Retired)

**AFFIRMED**

COUNSEL

Jaburg & Wilk, P.C., Phoenix
By Mark D. Bogard, David N. Farren
*Counsel for Appellee*

Arizona Attorney General's Office, Phoenix
By Elizabeth A. Campbell, Justin J. Larson
*Counsel for Appellant*

**OPINION**

Presiding Judge David D. Weinzweig delivered the opinion of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

**W E I N Z W E I G**, Judge:

**¶1**       Arizona's licensed professionals enjoy a protected interest in their license under our state and federal constitutions, and that license cannot be revoked unless procedural due process is afforded. But procedural due process is a flexible guarantee: it calls for the procedural safeguards demanded in a particular case.

**¶2**       Arizona law exemplifies that fluid approach to due process in disciplinary proceedings against licensed professionals under the Administrative Hearing Procedures Act. From one end, the state cannot revoke a license unless it provides the licensee with an opportunity for a hearing and at least 30-days' notice of that hearing. This 30-day-notice requirement ensures the licensee has enough time to develop a meaningful defense. From the other end, the state must hold prompt revocation hearings when it first takes preemptive action to summarily suspend a person's license. This prompt-hearing requirement ensures the licensee is not left in procedural limbo, deprived of the ability to work in their chosen profession for an extended period.

**¶3**       The Arizona Board of Nursing ("Board") revoked Manuel Gonzales's ("Nurse") nursing license after a revocation hearing, during which Nurse complained he was not given enough time to prepare a meaningful defense. The superior court later vacated the Board's final administrative decision because Nurse had received only 13-days' notice of the revocation hearing. The Board now asks us to reverse the superior court's order and reinstate its final revocation decision, arguing that Arizona law required it to conduct a prompt revocation hearing—on less than 30-days' notice—because it had summarily suspended Nurse's license pending an action for revocation. But the Board confuses two distinct rights, each grounded in due process and each promised to the licensee— the right to adequate notice and the right to a prompt hearing. Because the Board denied Nurse the right to adequate notice under Arizona law, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶4   Nurse had been licensed as a registered nurse under Arizona law since 2003. The Board received four complaints about Nurse in May 2020, each from a coworker and each for workplace misconduct, culminating in his arrest for assault at the Veterans Health Administration ("VA") Hospital.

¶5   The Board notified Nurse of the allegations against him, invited his response, and opened a six-month investigation. The Board's investigator interviewed several witnesses, including Nurse, before recommending the Board summarily suspend and then revoke Nurse's license. The Board accepted that recommendation on November 12, 2020, summarily suspending Nurse's license "pending proceedings for revocation," finding that immediate action was required to protect public health, safety and welfare.

¶6   On November 18, the Board issued a Complaint and Notice of Hearing, alleging Nurse engaged in unprofessional conduct under the Nurse Practice Act. The Board set the revocation hearing for December 1, just 13 days hence, when an administrative law judge ("ALJ") would hear the evidence.

¶7   Nurse represented himself at the December 1 hearing, explaining he could not find an attorney to represent him on such short notice. The Board called five witnesses, including Nurse's coworkers and the Board's investigator. The investigator testified he had subpoenaed the VA police report from the alleged assault, but had not yet received that report. Nurse testified in his own defense but called no witnesses because he "was not given enough time to prepare." Like the Board's investigator, Nurse said he requested but had not yet obtained the VA police report, which required a lead time of four to six weeks. Nurse maintained the police report "would shed a completely different picture about what people have been saying here." The hearing concluded after the ALJ assured Nurse, "I've heard your testimony regarding the VA investigation."

¶8   Almost six weeks later, the ALJ recommended the Board revoke Nurse's license, finding he had "committed unprofessional conduct." The Board agreed and revoked Nurse's license, adopting the ALJ's findings, conclusions and recommendations in their entirety.

¶9   By March 2021, Nurse hired an attorney who unsuccessfully moved the Board for a rehearing, arguing the revocation was not lawful

because Arizona law required the Board to provide Nurse with at least 30-days' notice before it held the revocation hearing.

¶10  Nurse appealed to the superior court, arguing the Board violated Arizona law because he was not given at least 30-days' notice to prepare for the revocation hearing as required by A.R.S. § 41-1092.05(D). The Board argued that 30-days' notice was not necessary because it had summarily suspended Nurse's license under § 41-1092.11(B), which required the Board to conduct a "prompt" hearing. The superior court upheld the summary suspension but reversed the revocation because the Board had violated the 30-days' notice requirement under § 41-1092.05(D). The Board timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-913, -120.21(A)(1).

## DISCUSSION

¶11  The Board contends it was following the "prompt" hearing requirement when it offered Nurse only 13-days' notice of the evidentiary hearing to determine whether his license should be permanently revoked. Nurse argues the Board denied his right to due process under Arizona's version of the Uniform Administrative Hearing Procedures Act by dispensing with the 30-day minimum notice requirement. We interpret a statute de novo, *see Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017), and set aside an administrative decision if it is contrary to the law, *see* A.R.S. § 12-910(F).

¶12  Our state and federal constitutions guarantee that "[n]o person shall be deprived of life, liberty, or property without due process of law," U.S. Const. amend. XIV; Ariz. Const. art. 2, § 4, which requires the person have an opportunity to be heard "at a meaningful time and in a meaningful manner," *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted). But procedural due process is a flexible concept: it calls for the procedural safeguards demanded in a particular case. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *see also Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106–07 (App. 1999) ("Due process is not a static concept; it must account for 'the practicalities and peculiarities of the case.'") (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

¶13  Arizona law empowers the Board to discipline licensed nurses for "unprofessional conduct." A.R.S. § 32-1663(D). Like all licensed professionals, however, licensed nurses enjoy a property interest in their license, *see Dahnad v. Buttrick*, 201 Ariz. 394, 398, ¶ 15 (2001) (recognizing

4

"the practice of a profession is a right, not just a privilege"), and the Board cannot finally deprive them of that interest without due process of law, *see Mathews*, 424 U.S. at 333. When the Board intends to revoke a nurse's license, Arizona law guarantees due process under the Administrative Hearing Procedures Act:

> Revocation, suspension, annulment or withdrawal of any license is not lawful unless, before the action, the agency provides the licensee with notice and an opportunity for a hearing in accordance with this article.

A.R.S. § 41-1092.11(B).

¶14      Earlier in the same article, the Administrative Hearing Procedures Act elaborates on this requirement:

> The agency shall prepare and serve a notice of hearing on all parties to the appeal or contested case at least thirty days before the hearing.

A.R.S. § 41-1092.05(D).

¶15      By requiring a 30-day notice period, the statute guarantees one form of due process—ensuring a licensee has time to prepare for the hearing and present a meaningful defense. *Cf. Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 558, ¶ 9 (App. 2002) (explaining that licensees are entitled to present a defense in a "meaningful manner").

¶16      A hearing may be expedited in limited circumstances, however, if a party files a motion with the director of the office of administrative hearings:

> A hearing shall be expedited as provided by law or upon a showing of extraordinary circumstances or the possibility of irreparable harm if the parties to the appeal or contested case have actual notice of the hearing date.

A.R.S. § 41-1092.05(E).

¶17      When emergency action is required, the Board may summarily suspend a nursing license pending the formal revocation hearing:

> If the agency finds that the public health, safety or welfare imperatively requires emergency action, and incorporates a

finding to that effect in its order, the agency may order summary suspension of a license pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined.

A.R.S. § 41-1092.11(B).

**¶18** By requiring a prompt hearing, the statute offers a second form of due process to licensees—preventing the Board from summarily suspending a nurse's license, only to slow-walk the revocation proceedings and keep the nurse in procedural limbo, left to watch the administrative process crawl forward. *See Dahnad*, 201 Ariz. at 396, ¶ 2 (noting "the administrative process . . . can drag out for month after month," and "[d]uring this process, a dentist summarily suspended cannot practice dentistry; nor, if the suspension turns out to have been improper, can the dentist's lost income be restored"). But that right is waivable, and "due process requires that individuals have the option of waiving their right to expedited proceedings in order to receive meaningful review of their claims." *See Tur v. F.A.A.*, 4 F.3d 766, 770 (9th Cir. 1993).

**¶19** Against that backdrop, the Board argues it need not provide a licensed nurse with 30-days' notice to prepare a meaningful defense under § 41-1092.05(D) whenever it first summarily suspends the nurse's license under § 41-1092.11(B). For that argument, the Board relies on the last sentence of § 41-1092.11(B), which requires that proceedings to revoke a license be "promptly instituted and determined" when the Board has first taken "emergency action" to summarily suspend that license.

**¶20** We reject the Board's argument for several reasons. First, § 41-1092.11(B) directs that all licensees receive notice and a hearing "in accordance with *this article*," referring to § 41-1092.05(D), which requires the Board to provide a licensed nurse with 30-days' notice of the revocation hearing. § 41-1092.11(B) (emphasis added). Had the legislature wished to strip licensees of the right to adequate notice when the state has summarily suspended their license, it would have required notice and a hearing "in accordance with *this section*." We presume the legislature says what it means. *S. Arizona Home Builders Ass'n v. Town of Marana*, 522 P.3d 671, 676, ¶ 31 (Ariz. 2023) ("Statutory interpretation requires us to determine the meaning of the words the legislature chose to use. We do so neither narrowly nor liberally, but rather according to the plain meaning of the words in their broader statutory context, unless the legislature directs us to do otherwise.").

¶21　　　　Second, the Board confuses two disparate forms of due process promised to licensees under Arizona law.　By holding the revocation hearing just 13 days after providing Nurse with notice of that hearing, the Board denied Nurse time—17 more days—to prepare a meaningful defense.　This confusion explains the Board's misplaced reliance on *Dahnad*, where the state summarily suspended a license but waited nearly three months to complete the formal post-suspension revocation hearing.　201 Ariz. at 397, ¶ 9.　There, unlike here, the licensee was deprived of a prompt resolution after his license was summarily suspended.　Here, unlike there, Nurse was denied a meaningful opportunity to prepare a defense.

¶22　　　　Lastly, the summary suspension route is meant to facilitate the dictates of due process, not to inhibit them, and the Board cannot exploit that route to justify less process.　By first summarily suspending Nurse's license, the Board acted swiftly to protect the public health and safety *so that* due process could then unfold.　*See Dahnad*, 201 Ariz. at 399, ¶ 19 (recognizing that Arizona law strikes a balance "to move swiftly when protective action cannot wait, yet grants an opportunity to be heard at a significant time and in a significant manner") (cleaned up).

*Waiver and Expedited Hearing*

¶23　　　　The Board raises two more arguments.　It first contends that Nurse waived any due process rights by participating in the revocation hearing.　A valid waiver of constitutional rights must be voluntary, knowing and intelligent.　*Webb*, 202 Ariz. at 558, ¶ 9.　No waiver is found on this record.　When informed of the hearing date, Nurse requested more time to prepare a meaningful defense; and Nurse reiterated the point more than once during the hearing, lamenting he had not yet received the VA police report.

¶24　　　　The Board also contends this case qualified for an expedited hearing under § 41-1092.05(E).　Not so.　The Board shows no extraordinary circumstances or irreparable harm, and Nurse's license had been summarily suspended pending the outcome of the hearing.　Because Nurse was denied adequate notice of the revocation hearing, we affirm the superior court's ruling.

## CONCLUSION

**¶25** We affirm. Nurse requests an award of reasonable attorney fees and costs on appeal, which we grant under A.R.S. § 12-348(A)(2) contingent upon compliance with ARCAP 21.

